# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |
|---|---|
| MARY QUESENBERRY, *et al.*, | ) |
| Plaintiffs | ) |
| v. | ) Case No. 1:09cv00022 |
| VOLVO GROUP NORTH AMERICA, INC., *et al.*, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

This matter is before the undersigned by referral pursuant to 28 U.S.C. § 636(b)(1)(A).[1] The Plaintiffs' Unopposed Motion for Class Certification, (Docket Item No. 50), ("Motion"), having been fully considered on the briefs submitted by the respective parties and the factual materials they have submitted, and with the undersigned finding that the class and subclasses having met all requirements of Rule 23 of the Federal Rules of Civil Procedure, it is, therefore, recommended that the Motion be **GRANTED.**

It is further recommended that the Class, which consists of the following, be certified by this court:

---

[1] By Standing Order 2006-05 entered August 29, 2006, all civil cases assigned to Senior United States District Judge Glen M. Williams are referred to the undersigned for full pretrial management, effective August 30, 2006.

> All New River Valley Plant retirees who were represented by the UAW during employment for Volvo or its predecessors and who retired before March 17, 2008, along with surviving spouses of such deceased retirees and surviving spouses of employees who died before March 17, 2008, while actively employed at the New River Valley Plant and after becoming eligible for a pension, and who, in each case, met the eligibility requirements for retiree medical benefits under the Volvo-UAW Insurance Program, as such requirements were in effect at the time of the employee's retirement or death; plus dependents of all such retirees and surviving spouses who are eligible for medical benefits under the Volvo-UAW Insurance Program.

It is further recommended that plaintiffs Mary Quesenberry, Paul Hollandsworth, Walter Viers, Curtis Cox, Robert Goad and Shirley Tolbert be certified as representatives of this class.

It is further recommended that Subclass A, which consists of the following, be certified by this court:

> Those members of the Class who either
> (i) retired prior to February 1, 2005, along with their surviving spouses and dependents; or
> (ii) are surviving spouses of employees who died before February 1, 2005, while actively employed at the New River Valley Assembly Plant, along with their dependents.

It is further recommended that plaintiffs Goad and Tolbert be certified as representatives of Subclass A.

It is further recommended that Subclass B, which consists of the following, be certified by this court:

> Those members of the Class who either

(i) retired on or after February 1, 2005, along with their surviving spouses and dependents; or
(ii) are surviving spouses of employees who died on or after February 1, 2005, but before March 17, 2008, while actively employed at the New River Valley Assembly Plant, along with their dependents.

It is further recommended that plaintiffs Quesenberry, Hollandsworth, Viers and Cox be certified as representatives of Subclass B.

It is further recommended that counsel for the plaintiffs, Julia Penny Clark of the law firm of Bredhoff & Kaiser, P.L.L.C., be appointed as counsel for the Class.

**Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen M. Williams, Senior United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

DATED: This 27th day of May 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE