# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| MARY QUESENBERRY, et al., ) | |
|     Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv00022 |
| ) | |
| VOLVO GROUP NORTH AMERICA, ) | **MEMORANDUM OPINION** |
| INC., f/k/a VOLVO TRUCKS NORTH ) | |
| AMERICA, INC., et al., ) | |
|     Defendants ) | |

This case is currently before the court on the Defendants' Motion To Strike Plaintiffs' Jury Demand, (Docket Item No. 95) ("Motion to Strike"), pursuant to Federal Rule of Civil Procedure 39(a)(2). The Motion to Strike is before the undersigned by referral pursuant to 28 U.S.C. § 636(b)(1)(A).

### I. Facts[1] & Procedural History

The plaintiffs brought this class action against the defendants seeking a declaration that, under § 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185, the defendants cannot unilaterally terminate or modify retiree healthcare benefits provided for under certain collective bargaining agreements. The plaintiffs further seek a declaration that, under §§ 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and

---

[1]A full recitation of the factual background of this case can be found in the Report and Recommendation entered March 2, 2010. (Docket Item No.119). Only the facts relevant to the disposition of the Motion to Strike are contained herein.

-1-

(a)(3), the defendants cannot unilaterally terminate or modify retiree healthcare benefits provided for the class representatives and those similarly situated.

The class representatives were all employed by the defendant Volvo Group North America, Inc., f/k/a Volvo Trucks North America, Inc., ("Volvo"), at the New River Valley Assembly Plant, ("NRV Plant"), in Dublin, Virginia, until their respective retirement dates, ranging from 2000 to 2007. They all were members of a bargaining unit represented by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, ("UAW"), and UAW Local Union 2069, ("Local 2069"). In January 2009, Volvo announced that it would unilaterally restructure the benefits coverage for current retirees of the NRV facility effective March 1, 2009. In particular, these proposed changes would require retirees not yet eligible for Medicare to begin paying monthly premiums in order to continue receiving benefits and to pay significantly greater deductibles, copayments and coinsurance than required under the collectively bargained benefit agreements. Retirees who were eligible for Medicare would be forced into a Medicare Advantage program under which they would not receive the same benefits they were entitled to receive under previous collective bargaining agreements and under which, in many instances, they would have to pay significantly greater deductibles, copayments and coinsurance than required under previously collectively bargained benefit agreements.

On January 21, 2009, the plaintiffs filed their Complaint with this court, (Docket Item No. 1). Count I of the Complaint is brought under § 301 of the LMRA, and Count II of the Complaint is brought under §§ 502(a)(1)(B) and (a)(3) of ERISA. The plaintiffs sought the following relief: (1) a declaration that Volvo cannot

unilaterally terminate or modify retiree healthcare benefits provided for under collective bargaining agreements between Volvo and the UAW and Local 2069 and in the collectively bargained Volvo Plan; (2) preliminarily and permanently enjoin Volvo from terminating or modifying the benefits Volvo is required to provide to the class representatives and the class under the terms of the applicable collective bargaining agreements and the collectively bargained Volvo Plan and require Volvo to restore such benefits to the extent of any unilateral changes made through the date of judgment; and (3) an award to the class representatives and the class of benefits, pursuant to the terms of the collective bargaining agreements and the collectively bargained Volvo Plan, and/or monetary damages as are necessary to restore them to the position they would have occupied but for Volvo's alleged contractual and statutory violations. The plaintiffs made a timely demand for a jury trial "of all issues so triable." (Complaint at 12; Amended Complaint at 12.) On February 16, 2009, the plaintiffs filed a Motion For Preliminary Injunction, (Docket Item No. 20), in which they sought to enjoin the defendants from proceeding with the proposed restructuring of the retiree healthcare benefit plan until the court could determine whether Volvo would violate its statutory obligations under the LMRA and ERISA by unilaterally changing the terms of the proposed class members' health benefits coverage. On March 1, 2009, and July 1, 2009, Volvo implemented the proposed changes for non-Medicare eligible retirees and Medicare eligible retirees, respectively. On March 10, 2009, the undersigned recommended that the Motion For Preliminary Injunction be denied for failure to show the requisite likelihood of success on the merits, as well as a likelihood of irreparable harm without the issuance of an injunction. (Docket Item No. 38). This recommendation was adopted by the court on May 21, 2009. (Docket Item No. 52). On October 13, 2009, the plaintiffs filed an Amended Complaint to

reflect the events that had transpired since the filing of the original Complaint. (Docket Item No. 72). However, the relief sought in the Amended Complaint is the same as that sought in the original Complaint, except that the plaintiffs sought restoration of their healthcare benefits to the extent of any unilateral changes made by Volvo through the date of judgment.

*II. Analysis*

Pursuant to Federal Rule of Civil Procedure 39(a)(2), the court must deny a jury trial where it determines that there is no federal right to a jury trial on the issues raised. The defendants argue in their brief that the plaintiffs are not entitled to a jury trial for two reasons. First, they argue that there is no statutory right to a jury trial under either the LMRA or ERISA. The plaintiffs do not contest this. Therefore, the Seventh Amendment to the United States Constitution governs the question of whether they are entitled to a jury trial. However, the defendants argue that the plaintiffs have no right to a jury trial under the Seventh Amendment because they seek essentially equitable relief on their claims. For the following reasons, I find that the plaintiffs do have a right to a jury trial on the factual issues underlying their LMRA claim, and I will deny the Motion to Strike.

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. The Supreme Court has stated that "[s]uits at common law" refers to "suits in which legal rights [are] to be ascertained and determined." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S.

558, 564 (1990) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830)). Thus, as the plaintiffs state in their brief, if an action will resolve "legal rights," a party's right to a jury trial is constitutionally protected. On the other hand, if an action involves only equitable rights, then there is no right to trial by jury. *See Curtis v. Loether*, 415 U.S. 189, 193 (1974). The United States Supreme Court has held that in determining whether the Seventh Amendment provides a right to a jury trial, the court must undertake a two-part inquiry: (1) comparison of the claims at issue to "18th-Century actions brought in the courts of England prior to the merger of the courts of law and equity" and (2) examination of the remedies sought to determine whether they are "legal or equitable in nature." *Terry*, 494 U.S. at 565 (quoting *Tull v. United States*, 481 U.S. 412, 417-18 (1987)). When the two-step inquiry demonstrates that an action is equitable in nature, the court should strike the jury demand. *See Terry*, 494 U.S. 558; *Tull*, 481 U.S. 412. The *Terry* Court held that the second prong is "more important," and it further held that even remedies traditionally characterized as "legal," should be characterized as "equitable" for purposes of this prong where they are "incidental to or intertwined with injunctive relief." *Terry*, 494 U.S. at 565, 571. The general rule is that money damages constitute a legal remedy. *See Terry*, 494 U.S. at 570. They may be characterized as equitable, however, if they are "incidental to or intertwined with injunctive relief." *Terry*, 494 U.S. at 571; *Tull*, 481 U.S. at 424. However, as the plaintiffs argue in their brief, the Supreme Court meant for this to be a very narrow exception to the general rule, as will be discussed in more detail below.

The parties agree that there is a split of authority with respect to whether there is a right to a jury trial in suits brought under the LMRA and ERISA where plaintiffs allege a right to vested retiree healthcare benefits. *See Bittinger v. Tecumseh Prods.*

*Co.*, 123 F.3d 877, 882-83 (6th Cir. 1997) (affirming denial of jury trial); *but see Senn v. United Dominion Indus., Inc.*, 951 F.2d 806, 813-14 (7th Cir. 1992) (granting jury trial because monetary relief sought constituted legal relief even though injunctive relief sought could be considered more important); *Stewart v. KHD Deutz of Am. Corp.*, 75 F.3d 1522 (11th Cir. 1996) (same). The parties further agree that this appears to be an issue of first impression in the Fourth Circuit. The defendants contend that the Fourth Circuit likely would adopt the Sixth Circuit's position, as set forth in *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648 (6th Cir. 1996) and *Bittinger*, 123 F.3d 877, which denies jury trials in such vesting cases because the primary relief sought is equitable in nature, in accordance with the "more important" second prong of the Seventh Amendment inquiry. The plaintiffs argue, on the other hand, that the Sixth Circuit stands alone in so holding and that its view is not the better reasoned one. Instead, the plaintiffs argue that the better reasoned view is that of other courts that have held that the right to a trial by jury attaches to issues, not causes of action as a whole. They argue that each claim must be considered separately and that if a claim for equitable relief and a claim for legal relief will require determination of common facts, the factual issues underlying the legal claim must first be determined by a jury prior to any determination of equitable claims by the court. I agree with the plaintiffs' position.

In both *Golden* and *Bittinger*, the Sixth Circuit addressed class actions alleging unlawful modifications to retiree healthcare benefits, just as the case here, and held that the Seventh Amendment did not entitle the plaintiffs to a jury trial. *See* 73 F.3d at 659-63; 123 F.3d at 882-83. In *Golden*, the court determined that the plaintiffs' LMRA claim was analogous to a legal action in the 18th century, namely a breach of

contract action. *See* 73 F.3d at 659-60. The court further held, however, that the relief sought by the plaintiffs, namely a declaratory judgment, permanent injunctive relief and "damages equal to all costs and expenses sustained by class members and eligible dependents" as a result of the employer's modifications to retiree healthcare benefits, was equitable. *See Golden*, 73 F.3d at 660-61. *Golden* also held that the primary relief that the plaintiffs sought was a permanent injunction, requiring the employer to restore their healthcare benefits, which was clearly equitable in nature. *See* 73 F.3d at 662. The court further held that the monetary award that the plaintiffs sought also was equitable because it was merely "incidental to the grant of equitable relief" because it provided a way to make the plaintiffs whole after the court determined that they were entitled to an injunction reinstating their benefits into the future. *Golden*, 73 F.3d at 661. In reaching this conclusion, the *Golden* court noted that but for the lower court's denial of a preliminary injunction prior to the implementation of changes to the healthcare benefits, no monetary award would be at issue, but the plaintiffs still would be seeking a declaratory judgment and a permanent injunction, both of which constitute purely equitable relief. *See* 73 F.3d at 662-63. Thus, the Sixth Circuit in *Golden* concluded that the monetary award sought by the plaintiffs was incidental to the equitable remedies they sought, and it held that the plaintiffs were not entitled to a jury trial. *See* 73 F.3d at 662-63.

Likewise, the *Bittinger* court held that the plaintiffs were not entitled to a jury trial in a vesting case brought under both the LMRA and ERISA, holding that the plaintiffs' "request for monetary relief . . . [was] incidental and intertwined with their fundamental request for a declaration that they [were] entitled to fully-funded retiree benefits," a claim that was "clearly equitable in nature." 123 F.3d at 883.

Here, the parties agree that it is the second prong of the Seventh Amendment analysis that will determine whether the plaintiffs are entitled to a jury trial.[2] Moreover, the plaintiffs concede that any issues of liability or relief that are unique to the ERISA claim are for the court to decide. Therefore, the crucial issue that this court must decide is whether, under the second prong of the Seventh Amendment analysis, the plaintiffs' claim for damages under the LMRA is a claim for legal relief or equitable relief. The plaintiffs argue that this claim for money damages does not lose its legal character by being combined with a request for specific performance of the same contracts, *see Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959) ("In the Federal courts this (jury) right cannot be . . . impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency" and joining request for declaratory judgment with claims for legal relief does not affect right of jury trial on legal issues), nor does the request for a declaratory judgment affect their right to a jury trial. *See Simler v. Conner*, 372 U.S. 221, 223 (1963) (plaintiff entitled to jury trial in action for declaratory judgment to determine amounts owing under a contract). Citing to *Senn,* 951 F.2d 806, and *Stewart*, 75 F.3d 1522, the plaintiffs argue that they have a right to a jury trial under *Tull* and *Terry*. Relying on the Sixth Circuit's reasoning in *Golden* and *Bittinger*, as set forth above, the defendants argue that the claim for money damages is equitable in nature because it is incidental to the other equitable relief sought. For the following reasons, I agree with the plaintiffs' position.

In *Senn* and *Stewart*, just as in this case, the plaintiff retirees combined a claim

---

[2]More specifically, the parties agree that the LMRA claim is analogous to an 18th century breach of contract action, which is historically legal in nature, while the ERISA claim is analogous to 18th century actions to enforce trusts, historically equitable in nature.

for monetary damages under Section 301 of the LMRA with a claim for benefits under ERISA. The employer in both cases argued that the retirees were not entitled to a jury trial under the Seventh Amendment because the request for monetary damages under Section 301 was "incidental to or intertwined with" the request for equitable relief under ERISA. *See Senn*, 951 F.2d at 813-14; *Stewart*, 75 F.3d at 1525. However, in those cases, both the Seventh Circuit and the Eleventh Circuit held that the retirees did have a right to a jury trial under *Tull* and *Terry*, finding that the monetary relief sought constituted legal relief. In *Senn*, the court so held even though the injunctive relief sought could be considered more important. *See* 951 F.2d at 813-14. The court in *Stewart* so held even though the plaintiffs sought identical relief under Section 301 and ERISA. *See* 75 F.3d at 1525, 1528. In *Stewart*, the Eleventh Circuit Court of Appeals found no reason to "depart from the general rule that monetary relief sought [under] Section 301 . . . is legal in nature," and it concluded that the retiree plaintiffs had a right to a jury trial under the Seventh Amendment on the Section 301 claim, notwithstanding that "the same remedy [was] sought under both ERISA and LMRA." 75 F.3d at 1526 n.4, 1527. Likewise, the Seventh Circuit Court of Appeals in *Senn* held that the plaintiffs who brought a legal claim for breach of contract and sought legal relief by way of compensatory damages pursuant to Section 301 were entitled to a jury trial on the LMRA claim despite the fact that they were "primarily seeking injunctive relief." 951 F.2d at 813-14. The *Senn* court further held that the right to a jury trial on the legal claim, "including all issues common to both claims, remain[ed] intact." 951 F.2d at 813-14; *see Brown v. Sandimo Materials*, 250 F.3d 120 (2d Cir. 2001) (employers entitled to jury trial on pension trustees' Section 301 claim for monetary relief based on unpaid pension contributions coupled with parallel claim under ERISA). The Court in *Terry*, citing to *Beacon Theatres*, 359 U.S. at 501, stated

that, "[s]ince the merger of the systems of law and equity . . . this Court has carefully preserved the right to trial by jury where legal rights are at stake." 494 U.S. at 565. The Court further stated that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Terry*, 494 U.S. at 565 (quoting *Dimick v. Schiedt,* 293 U.S. 474, 486 (1935) as quoted in *Beacon Theatres*, 359 U.S. at 501).

As stated above, the plaintiffs point out that the Sixth Circuit stands alone in denying a jury trial in retiree health benefit claims under Section 301. In their brief, they cite to several cases from other courts that, like the Seventh Circuit and Eleventh Circuit, have granted a jury trial on Section 301 claims in such actions. *See Rexam, Inc. v. United Steel Workers of Am.*, No. 03-2998, 2005 WL 3803362 (D. Minn. Sept. 22, 2005); *Trull v. Dayco Prods., LLC*, No. 1:02cv243, slip op. (W.D.N.C. June 22, 2004); *Webb v. GAF Corp.*, 78 F.3d 53 (2d Cir. 1996); *Bower v. Bunker Hill Co.*, 675 F. Supp. 1263, 1264 (E.D. Wash. 1986); *In re Unisys Sav. Plan Litig.*, 148 L.R.R.M. 2405 (BNA) (E.D. Pa. 1995). Moreover, I find persuasive the plaintiffs' contention that the defendants' argument that the Sixth Circuit's view is the better reasoned one and the one that the Fourth Circuit likely would adopt, is foreclosed, in particular, by *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962) and *Tull*.

The plaintiffs contend that the defendants' argument that *Terry* and *Tull* require denial of the plaintiffs' demand for a jury trial is based on their improper consideration of the lawsuit as a whole as opposed to a consideration of each claim separately. I agree with the plaintiffs that Supreme Court precedent requires such

separate consideration of each claim for relief and, furthermore, that if any claim is analogous to an action at law and includes a request for legal relief, then the plaintiffs are entitled to a jury trial of the factual issues underlying that claim. *See Ross v. Bernhard*, 396 U.S. 531, 538 (1970) ("The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action."); *Dairy Queen*, 369 U.S. at 479 (holding if a claim for equitable relief and a claim for legal relief will require determination of common facts, the factual issues underlying the legal claim must first be determined by a jury prior to any determination of the equitable claims by the court).

*Dairy Queen* involved an action for breach of a franchise agreement. The plaintiff sought injunctive relief, an accounting to determine the exact amount it was owed under the agreement and a judgment in that amount. *See Dairy Queen*, 369 U.S. at 475. The Supreme Court held that the plaintiff's request for a judgment for amounts owed under the contract was legal in nature, stating as follows: "As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character." *Dairy Queen*, 369 U.S. at 477. Moreover, the Court held that the plaintiff's right to a jury on that claim was not affected by being combined with a claim for equitable relief or by being characterized as an action for an accounting. *See Dairy Queen*, 369 U.S. at 472-73. Importantly, the Court rejected the district court's conclusion that a jury was not required because the claim for a money judgment was "incidental" to the equitable issues. The Court specifically stated that such a conclusion was foreclosed by previous decisions making it clear that "no such rule may be applied in the federal courts." *Dairy Queen*, 369 U.S. at 470. The *Dairy Queen* Court stated as follows: "It is therefore immaterial that the case at

bar contains a stronger basis for equitable relief . . . ." 369 U.S. at 473 n.8 (quoting *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486, 491 (5th Cir. 1961)).The Court continued by stating that "[i]t would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. *As long as any legal cause is involved the jury rights it creates control.*" *Dairy Queen*, 369 U.S. at 473 n.8 (quoting *Thermo-Stitch,* 294 F.2d at 491(emphasis added).

Based on the above reasoning, I find that the plaintiffs' claim for money damages under the LMRA constitutes a claim for legal relief. I further find, for the reasons set forth below, that this claim does not fit within the exceptions under *Terry* and *Tull* allowing some claims for damages to be considered equitable relief because they are incidental to or intertwined with injunctive relief. The Sixth Circuit in *Golden* denied a jury trial because it found that the retirees' primary request for relief was equitable and that the monetary relief sought by them was incidental to the grant of equitable relief or incidental to and intertwined with a request for declaratory or injunctive relief. As the plaintiffs note, there is an obvious tension between the Sixth Circuit's view and governing Supreme Court precedent in *Dairy Queen*.

While a request for money damages generally is considered a request for legal relief, *see Terry*, 494 U.S. at 570, the Court has enumerated two exceptions to this general rule: (1) where damages are restitutionary in nature, they may be characterized as equitable, *see Terry*, 494 U.S. at 570 (citing *Tull*, 481 U.S. at 424; *Curtis*, 415 U.S. at 197; and *Porter v. Warner Holding Co.*, 328 U.S. 395, 402 (1946)), and (2) where damages are incidental to or intertwined with injunctive relief, they may be

characterized as equitable. *See Terry*, 494 U.S. at 571 (citing *Tull*, 481 U.S. at 424; *Mitchell v. Robert DeMario Jewelry, Inc.,* 361 U.S. 288, 291-92 (1960)). The first exception is not at issue in this case, as the defendants have not argued that the monetary damages sought are restitutionary in nature. Moreover, as to the second exception, I find persuasive the plaintiffs' argument that it was meant to be narrowly applied. Most importantly, the Court in *Terry* did not purport to overrule *Dairy Queen*, but only addressed the circumstances under which a request for monetary relief may be characterized as equitable as opposed to legal. Additionally, as the plaintiffs note, the cases cited to in *Terry* reveal that the Court intended for the exception to be narrowly applied. For instance, the Court in *Terry* cited to *Tull,* in which the Court found that the plaintiffs' request for a civil penalty was not incidental to or intertwined with the claim for injunctive relief. *See* 481 U.S. at 424-25. Specifically, the *Tull* Court found that the civil penalty could not be so incidental to or intertwined with equitable relief where the party "was free to seek an equitable remedy in addition to, or independent of, legal relief." 481 U.S. at 424-25. In that case, the statute at issue authorized either injunctive relief, legal relief or both. *Tull*, 481 U.S. at 424-25.

The same is true of the case currently before the court, in that a plaintiff may bring a Section 301 breach of contract claim against an employer and demand either monetary relief, injunctive relief or both. The *Terry* Court also cited to *Mitchell*, in which the Court held that, in a suit by the Secretary of Labor to enjoin violations of the Fair Labor Standards Act, a district court could order "reimbursement for loss of wages caused by an unlawful discharge or other discrimination." *Mitchell*, 361 U.S. at 290. Not only did the statute that authorized the Secretary's injunctive action not

include authority for such reimbursement orders, it seemed to deny such authority. Nonetheless, the Supreme Court held that the equitable power of the district court included the power to issue equitable relief that was necessary to accomplish the purpose of the statute. The *Mitchell* Court relied on *Porter*, 328 U.S. 395, in which the Court held that the district courts had inherent authority under a statute authorizing only injunctive relief to enforce war-time rent control, to order the landlord to reimburse tenants for excessive rents. The *Tull* Court also cited *Porter* for the proposition that "a court in equity may award monetary restitution as an adjunct to injunctive relief." 481 U.S. at 424.

All of this being said, the Court held in *Tull* and *Terry* that a monetary award may be characterized as something other than legal damages under the Seventh Amendment on the ground that it is incidental to or intertwined with injunctive relief, but only in circumstances in which the court must rely on its inherent equitable authority to issue that monetary award "as an adjunct" to injunctive relief. However, if, as in *Tull*, the court is acting under a statute that authorizes both legal and equitable relief, as is the case here, this exception does not apply. *See Tull*, 481 U.S. at 425. As noted above, a plaintiff asserting a Section 301 claim, as here, is "free to seek an equitable remedy in addition to, or independent of, legal relief," and a claim for damages thereunder is not characterized as anything other than a legal remedy for Seventh Amendment purposes.

For all of the reasons cited herein, I find that the plaintiffs' claim for monetary relief under the LMRA for breach of contract constitutes legal relief. Therefore, I find that the plaintiffs have a Seventh Amendment right to a jury trial on the factual issues

underlying the LMRA.  Therefore, I will deny the defendants' Motion to Strike.

An appropriate order will be entered.

DATED: This 5th day of March 2010.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE