# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| MARY QUESENBERRY, et al., )<br>    Plaintiffs )<br>)<br>v. )<br>)<br>VOLVO GROUP NORTH AMERICA, )<br>INC., f/k/a VOLVO TRUCKS NORTH )<br>AMERICA, INC., et al., )<br>    Defendants ) | Civil Action No. 1:09cv00022<br><br>**REPORT AND<br>RECOMMENDATION** |

This case is currently before the court on the Defendants' Motion To Correct Judgment, (Docket Item No. 209) ("Motion"), pursuant to Federal Rule of Civil Procedure 60(a). The Motion is before the undersigned by referral pursuant to 28 U.S.C. § 636(b)(1)(B).

*I. Relevant Facts & Procedural History*

The plaintiffs brought this class action against the defendants under § 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185, and §§502(a)(1)(B) and (a)(3) of the Employment Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3), seeking a declaration that the defendants could not unilaterally terminate or modify retiree healthcare benefits provided for the plaintiffs and other similarly situated retirees under certain collective bargaining agreements.

The class representatives were all employed by the defendant Volvo Group North America, Inc., f/k/a Volvo Trucks North America, Inc., ("Volvo"), at the New River Valley Assembly Plant, ("NRV Plant"), in Dublin, Virginia, until their respective retirement dates, ranging from 2000 to 2007. They all were members of a bargaining unit represented by the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, ("UAW"), and UAW Local Union 2069, ("Local 2069"). In January 2009, Volvo announced that it would unilaterally restructure the benefits coverage for current retirees of the NRV facility effective March 1, 2009. In particular, these proposed changes would require retirees not yet eligible for Medicare to begin paying monthly premiums in order to continue receiving benefits and to pay significantly greater deductibles, copayments and coinsurance than required under the collectively bargained benefit agreements. Retirees who were eligible for Medicare would be forced into a Medicare Advantage program under which they would not receive the same benefits they were entitled to receive under the collective bargaining agreements and under which, in many instances, they would have to pay significantly greater deductibles, copayments and coinsurance than required under the collectively bargained benefit agreements.

On January 21, 2009, the plaintiffs filed their Complaint with this court, (Docket Item No. 1). Count I of the Complaint was brought under § 301 of the LMRA, and Count II of the Complaint is brought under §§ 502(a)(1)(B) and (a)(3) of ERISA. The plaintiffs sought the following relief: (1) a declaration that Volvo could not unilaterally terminate or modify retiree healthcare benefits provided for under collective bargaining agreements between Volvo and the UAW and Local 2069 and in the collectively bargained Volvo Plan; (2) to preliminarily and permanently enjoin Volvo from terminating or modifying the benefits Volvo is required to provide

to the class representatives and the class under the terms of the applicable collective bargaining agreements and the collectively bargained Volvo Plan; and (3) to award the class representatives and the class benefits, pursuant to the terms of the collective bargaining agreements and the collectively bargained Volvo Plan, and/or monetary damages as are necessary to restore them to the position they would have occupied but for Volvo's alleged contractual and statutory violations.

On February 16, 2009, the plaintiffs filed a Motion For Preliminary Injunction, (Docket Item No. 20), in which they sought to enjoin the defendants from proceeding with the proposed restructuring of the retiree healthcare benefit plan until the court could determine whether Volvo would violate its statutory obligations under the LMRA and ERISA by unilaterally changing the terms of the proposed class members' health benefits coverage. On March 1, 2009, and July 1, 2009, Volvo implemented the proposed changes for non-Medicare eligible retirees and Medicare eligible retirees, respectively. On March 10, 2009, the undersigned recommended that the Motion For Preliminary Injunction be denied for failure to show the requisite likelihood of success on the merits, as well as a likelihood of irreparable harm without the issuance of an injunction. (Docket Item No. 38). This recommendation was adopted by the court on May 21, 2009. (Docket Item No. 52). On October 13, 2009, the plaintiffs filed an Amended Complaint to reflect the events that had transpired since the filing of the original Complaint. (Docket Item No. 72). However, the relief sought in the Amended Complaint was the same as that sought in the original Complaint except that the plaintiffs sought restoration of their healthcare benefits to the extent of any unilateral changes made by Volvo through the date of judgment.

The case was tried to a jury before Chief United States District Judge James P.

Jones on March 22-26, 2010. At the conclusion of the trial, two questions were submitted to the jury:

> 1. Did the plaintiffs prove by the greater weight of the evidence that it was the joint intent of the parties that the health benefits provided to retirees who retired before February 1, 2005, and their surviving spouses, could not be changed by Volvo unilaterally, that is, without the approval of any other party, after the collective bargaining agreement they retired under expired?
> ...
> 2. Did the plaintiffs prove by the greater weight of the evidence that it was the joint intent of the parties that the health benefits provided to retirees who retired on or after February 1, 2005, and their surviving spouses, could not be changed by Volvo unilaterally, that is, without the approval of any other party, after the collective bargaining agreement they retired under expired?

The jury answered "yes" to both questions.

On March 29, 2010, Judge Jones entered judgment on the jury's verdict. The Judgment declared, pursuant to the jury's verdict, that the medical benefits provided to the represented retirees under the Volvo Trucks North America Retiree Health Benefit Plan, ("Volvo Plan"), could not be unilaterally terminated or modified by Volvo or the Volvo Plan. The Judgment also awarded damages as set forth in a Stipulation of Damages reached earlier by the parties. The Judgment also states:

> Volvo and the Volvo Plan are hereby permanently enjoined from unilaterally terminating or modifying the health care benefits provided to the Class and are directed and required to restore such benefits to the extent of any unilateral changes previously made.

The Motion seeks to amend the Judgment to add the following language at the end of this paragraph:

> Such benefits remain subject to the provisions set forth at pages B122 through B124 of the 2005 Welfare Benefit Program.

The 2005 Welfare Benefit Program at pages B122 through B124 reads in pertinent part as follows:

> <u>Cost.</u> The Company will pay the cost of continued coverage under the Volvo Plan for Retiree Participants in an amount not to exceed an average cost per Retiree Participant of $13,606 per calendar year for non-Medicare eligible Retiree Participants. For Retiree Participants who become eligible for Medicare under the Social Security Act, the Volvo Plan shall supplement Medicare. The Company will pay the cost of Medicare supplemental coverage for each Medicare-eligible Retiree Participant in an amount not to exceed an average cost per Retiree Participant of $3,292 per calendar year. In calculating the average cost per participant for Medicare-eligible Retiree Participants, the Company shall subtract from gross claims the estimated amount of the Medicare Part D subsidy. In addition, the Company will establish a Trust Fund in compliance with IRC section 501(c)(9) ("the VEBA Trust") and contribute the sum of $3,943,000.00 to the Trust according to the following schedule: $194,000.00 on or before January 31, 2006; $2,164,000.00 on or before January 31, 2007; and $1,585,000.00 on or before January 31, 2008. The assets of the VEBA Trust, including the above-described contributions and all earning net of expenses thereon, shall be held and used for the exclusive purpose of paying all costs incurred by Retiree Participants under the Volvo Plan that exceed the limits set forth above. If the cost of non-Medicare coverage and/or Medicare supplemental coverage for a calendar year is projected to exceed the limits set forth above and exhaust the VEBA Trust, the Company and the Union will meet to develop changes to the Volvo Plan as it applies to each group which will reduce the average cost per participant projected for the following year below the applicable

limitation. If the Union is unwilling to meet or if the parties are unable to reach agreement on plan changes that will reduce the projected cost below the applicable limitation, the Company will charge each retiree/surviving spouse a monthly contribution for each covered participant (including the retiree, spouse, surviving spouse, and eligible dependents) equal to one twelfth (1/12th) of the average cost per participant in excess of the applicable limitation (net of costs in excess of the limitation paid out of the VEBA Trust) incurred in the preceding calendar year; provided that no retiree shall be required to pay monthly contributions for more than two participants (including himself/herself) to continue coverage for his/her spouse and all eligible dependents.

## II. Analysis

Defendants argue that the Judgment in this case should be amended pursuant to Federal Rule of Civil Procedure 60(a). Federal Rule of Civil Procedure 60(a), allows a court to correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found...." Defendants argue that the language they seek to add to the Judgment is missing as a result of oversight or omission, and, as a result, the defendants will be prevented from implementing certain health benefits cost-saving measures the parties agreed upon and included in the 2005 Welfare Benefit Program section of the 2005 Collective Bargaining Agreement. The plaintiffs oppose the Motion. They argue that the language the defendants seek to add to the Judgment addresses an issue not decided by the trial. Based on my review of the record, I agree.

The Jury Instructions and the Verdict Form show that the only issues decided by the jury were whether the parties intended that health benefits provided to retirees who retired before February 1, 2005, and to retirees who retired on or after February 1, 2005, could not be changed by Volvo unilaterally. The Judgment entered correctly

declares the jury's decision, orders the reinstatement of retiree benefits which had been unilaterally terminated or modified and enjoins the defendants from unilaterally terminating or modifying these benefits in the future. The jury was not asked to determine what should occur, if, and when, the limitations on yearly retiree medical care spending are exceeded, the VEBA Trust funds are exhausted and the parties cannot, or will not, reach agreement on changes in health care benefits to reduce costs. Furthermore, nothing contained in the Judgment as entered affects the parties' rights under the 2005 Welfare Benefit Plan, if these contingencies occur.

For all of the reasons cited herein, I find that no oversight or omission has occurred. Thus, there is no basis to correct the Judgment under Rule 60(a). Therefore, I recommend that the court deny the Motion.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The record does not support a finding that the language the defendants request to add is missing from the Judgment as a result of oversight or omission;
2. The Judgment accurately reflects the decision of the court; and
3. There is no basis to correct the Judgment under Federal Rule of Civil Procedure 60(a).

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the

defendants' Motion.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within 14 days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, Chief United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

DATED: This 25th day of June, 2010.

s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE