IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| MARY QUESENBERRY, et al., )<br>    Plaintiffs )<br>)<br>v. )<br>)<br>VOLVO GROUP NORTH AMERICA, )<br>INC., f/k/a VOLVO TRUCKS NORTH )<br>AMERICA, INC., et al., )<br>    Defendants ) | Civil Action No. 1:09cv00022<br><br>**REPORT AND<br>RECOMMENDATION** |

       This case is currently before the court on the Plaintiffs' Supplemental Motion For Attorneys' Fees And Expenses, (Docket Item No. 246) ("Motion"). The Motion is before the undersigned by referral pursuant to 28 U.S.C. § 636(b)(1)(B). Based on the arguments and representations of counsel, and for the reasoning set forth below, the undersigned now submits the following report and recommended disposition.

*I. Facts & Procedural History*

       The court incorporates the facts and procedural history previously set out in its July 20, 2010, Report and Recommendation. Subsequent to the court's entry of judgment in favor of the plaintiffs on March 29, 2010, the defendants filed a motion to alter judgment and a motion for appeal bond and to stay enforcement of judgment pending appeal. The plaintiffs also filed a motion for attorneys' fees and expenses, which was opposed by the defendants. The motion to alter judgment and motion for attorneys' fees and expenses were heard by the undersigned on June 14, 2010. By Report and Recommendation dated June 25, 2010, the undersigned recommended that

the court deny the motion to alter judgment. By Report and Recommendation dated July 20, 2010, the undersigned recommended that the court grant the motion and award plaintiffs' attorneys' fees and expenses totaling $882,236.31. The plaintiffs have filed the current supplemental motion for attorneys' fees to recover their attorneys' time and expenses expended on post-trial motions.

## *II. Analysis*

The court incorporates its previous holding that an award of attorneys' fees to plaintiffs is appropriate in this case. As stated in the court's earlier Report and Recommendation, to determine the proper amount of fees to award, courts in the Fourth Circuit use the so-called Lodestar method by multiplying the number of attorney hours reasonably expended on the matter by a reasonable hourly rate. *See Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994); *Christian v. Dupont-Waynesboro Health Care Coverage Plan*, 12 F. Supp. 2d 535, 538 (W.D. Va. 1998) (applying the Lodestar method to determine attorneys' fees in ERISA litigation). The court also incorporates its previous finding that the hourly rates sought by plaintiffs' counsel were reasonable. Thus, the remaining issue before the court is whether the amount of time and expenses expended are reasonable and should be awarded.

In their supplemental motion, the plaintiffs seek an award of fees for 316.35 hours of legal work. The court must consider whether the number of hours expended for legal work on this matter was reasonable. Based on a thorough review by the undersigned of the hours expended, it would appear that some adjustments are warranted.

In particular, the plaintiffs seek 7.5 hours of legal time for "Implementation of Court Judgment." It appears, as defendants argue, that this time was not spent in furtherance of this litigation in this court, and, therefore, should not be awarded. Therefore, I will reduce the fees sought by a total of $2,212.50.[1] Also, adjustment in the number of hours sought for preparation and prosecution of the motion for attorneys' fees is warranted. The amount of time sought for work on this motion is 242.65 hours. This time amounts to one attorney working full-time, 40 hours a week for more than six weeks on this motion. The undersigned finds this amount of time excessive, especially in light of the fact that counsel's efforts were not entirely successful in that a number of hours and expenses sought in the motion were not awarded. Giving plaintiffs' counsel the benefit of the doubt, I will find that approximately four weeks of legal time was reasonably expended in the preparation and prosecution of the motion for attorneys' fees. Thus, I will reduce the attorneys' fees awarded by $18,000.00 – two 40-hour weeks at the rate of $225.00 per hour.

Based on the above reductions, the court finds that a reasonable supplemental attorneys' fee of $57,277.50.00 should be awarded to the plaintiffs.

The plaintiffs also seek an award of $27,276.76 for expenses incurred since entry of judgment. The court will incorporate its previous ruling that reimbursement in ERISA cases of out-of-pocket expenses customarily charged fee-paying clients in the relevant economic market should be allowed as a component of an attorneys' fee award under § 502(g). Based on the undersigned's review of the requested expenses, some appear reasonable and reimbursable and will be awarded. For instance, insofar

---

[1] The time sought is reduced by 3 hours at $400.00 an hour and 4.50 hours at $225.00 an hour for a total of $2,212.50.

as the plaintiffs seek reimbursement of the cost of photocopying, scanning, computer research and lodging, meals and transportation costs for necessary travel, the undersigned will allow these costs because they are the type of expenses routinely billed to and paid by clients in this district. The court also will reduce the expenses awarded by $8,070.65 because a number of the expenses for which reimbursement is sought are more properly considered part of the law firm's overhead or cost of doing business, and the court will not allow those costs. Those costs include $363.79 for overnight courier deliveries, $11.96 in postage, $19.44 in secretarial overtime, $878.08 in long-distance telephone tolls and $6,797.38 in "litigation support services."

Based on the above, the court finds that reasonable attorneys' fees in this case include $19,206.11 in expenses incurred.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The court finds that hours of legal services sought are reasonable for the work performed in this case subsequent to entry of judgment except that the time should be reduced by 87.5 hours;
2. The court finds that certain expenses should not be included in an award of attorneys' fees because they are more properly considered part of the law firm's overhead or cost of doing business; and
3. The court finds that a reasonable supplemental attorneys' fee of $76,483.61 should be awarded to the plaintiffs.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court grant the Motion and award plaintiffs supplemental attorneys' fees totaling $76,483.61.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within 14 days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

DATED: This 17th day of August 2010.

s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE